UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CARLOS DELGADO,                    Case No. 16-17228-LMI
                                   Chapter 7
    Debtor.
_____/

### CHAPTER 7 TRUSTEE'S MOTION TO COMPEL DOCUMENTS FROM DEBTOR

    MARCIA T. DUNN, as Chapter 7 Trustee (the "Trustee") for the above-captioned bankruptcy estate (the "Estate"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 521, 541, and 542, files *Trustee's Motion to Compel Documents from Debtor* (the "Motion"), and in support states as follows:

### JURISDICTION

    1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### BACKGROUND

    2.    On May 20, 2016 (the "Petition Date"), CARLOS DELGADO (the "Debtor"), commenced the instant bankruptcy case with the filing of a voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code.

    3.    On June 15, 2016, the Debtor's 11 U.S.C. § 341 Meeting of Creditors was held and concluded. Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's Estate.

    4.    The original deadline to file an objection to the Debtor's claimed exemptions was July 15, 2016, and is currently extended by agreement to February 13, 2017 [D.E. 48].

5. The original deadline to file an objection to the Debtor's discharge was August 15, 2016 [D.E. 2], and is currently extended by agreement to February 13, 2017 [D.E. 48].

6. On September 30, 2016, counsel for the Debtor filed *Debtor's Counsel's Motion to Withdraw* [D.E. 36].

7. On October 24, 2016, the Trustee filed and served a *Notice of Rule 2004 Examination Duces Tecum of Debtor* (the "2004 Exam") [D.E. 42].

8. On November 1, 2016, an *Order Granting Debtor's Counsel's Motion to Withdraw* was entered by the Court [D.E. 43].

9. On November 21, 2016, the Trustee filed and served a Re-Notice of Debtor's 2004 Exam [D.E. 46], and on December 15, 2016, counsel for the Trustee conducted the 2004 Exam of the Debtor.

10. During the 2004 Exam, the now *pro-se* Debtor was instructed to provide additional documents and information pertaining to issues including but not limited to his ex-spouse, an unscheduled bank account, certain transfers, and a potential interest in real property.

11. Through email transmission, the Debtor advised that he had obtained counsel.

12. As of the date of this Motion, no counsel has filed a notice of appearance on behalf of the Debtor.

13. As of the date of this Motion, the Debtor has failed to provide the requested information and documents.

14. The information and documentation sought by the Trustee is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

15. Moreover, 11 U.S.C. § 521(a)(3) requires a debtor to "... cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;" and 11 U.S.C. §

521(a)(4) requires a debtor to "... surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

16. The Debtor's failure to turn over the information and documentation requested by the Trustee not only violates the Debtor's duties under 11 U.S.C. §§ 521(a)(3) and (4), but is severely prejudicing the Trustee's administration of this Estate.

17. As of the filing of this Motion, no further documents have been produced by the Debtor, and there have been no objections or protective motions filed by the Debtor.

18. Accordingly, the Trustee seeks entry of an order compelling the Debtor to immediately turn over all information and documentation requested during the 2004 Exam.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an order: (1) granting the Trustee's Motion; (2) directing the Debtor to immediately turn over all outstanding information and documentation requested during the 2004 Examination; and (3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 5th day of January 2017.

>DUNN LAW, P.A.
>*Counsel for Marcia T. Dunn, Chapter 7 Trustee*
>555 Northeast 15th Street, Suite 934-A
>Miami, Florida  33132-1451
>Tel: 786-433-3866
>Fax: 786-260-0269
>michael.dunn@dunnlawpa.com
>
>By: */s/ Michael P. Dunn*
>     Michael P. Dunn, Esq.
>     Florida Bar No. 100705

Case No. 16-17228-LMI

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on the 5th day of January, 2017, upon the Debtor:

Carlos Delgado,
PO Box 133830
Hialeah, FL 33013

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 5th day of January, 2017, upon all registered users in this case, including:

- Marcia T Dunn    mdunn@dunnlawpa.com, mdunn@ecf.epiqsystems.com;acastro@dunnlawpa.com;nlebron@dunnlawpa.com;rbasnueva@dunnlawpa.com;slebron@dunnlawpa.com
- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com
- J Ward Holliday    notices@jwhlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

By: */s/ Michael P. Dunn*
Michael P. Dunn, Esq.
Florida Bar No. 100705