**ORDERED in the Southern District of Florida on July 29, 2018.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CARLOS DELGADO — Case No. 16-17228-LMI
Chapter 7

Debtor.
_______________________________/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY AND GRANTING MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING SALE OF PROPERTY**

**THIS CAUSE** came before the Court on July 25, 2018 at 9:30 AM, upon Marcia T. Dunn, Trustee's *Motion to Approve Stipulation to Compromise Controversy and Motion for Entry of An Order Authorizing and Approving Sale of Property* (the "Motion") [D.E. 82].[1] The Court, having reviewed the file, and the Motion and noting Wells Fargo Bank, N.A.'s Response to the Motion [D.E. 85]; and having heard argument of counsel, and movant by submitting this form of order

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation and the Motion [D.E. 82].

having represented that the Motion was served on all parties required by Bankruptcy Rule 2002 or Local Rule 2002-1(H) or (J), that the 21-day response time provided by Local Rule 6004-1(D) expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court, having reviewed the file and the Motion and record herein, and noting that no objections were filed to the Motion and relief requested therein; and having found that sufficient and adequate notice of the Motion was provided under the circumstances to all parties entitled to such notice, and that no further notice in connection with the Motion shall be required; having noted that the legal and factual bases set forth in the Sale Motion established just cause for granting the relief requested therein; having noted that the Trustee has demonstrated a sound business justification for the relief requested in the Motion and that the relief requested therein is in the best interests of the Estate, its creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, the Court hereby **FINDS AND DETERMINES THAT:**

    A.    The Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicates for the Motion are 11 U.S.C. §§ 105 and 363 and Bankruptcy Rules 2002, 6004, and 9019.

    C.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    D.    To the extent any of the following findings of fact constitute conclusions of law,

they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E.  Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with 11 U.S.C. §§ 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 6006 and the local rules of this Court.  The form and manner of the notice of the Motion was adequate and sufficient under the circumstances, and no other or further notice of the Motion or of the entry of this Order is necessary.

F.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.  Notice of the Motion was duly and properly served on all required persons and entities pursuant to the filed certificate of service [D.E. 83].

G.  As articulated in the Motion, there are good and sufficient reasons for the Court to grant the relief requested in the Motion.

H.  The Trustee has demonstrated a sufficient basis to sell the Estate's one-half (1/2) interest in real property located at 10935 W Okeechobee Rd., Unit 101, Hialeah, FL 33018 ("Interest in Real Property") under 11 U.S.C. § 363, and such actions are appropriate and reasonable exercises of the Trustee's business judgment and are in the best interests of the Debtor, the Estate and its creditors.

I.  The Trustee has full power and authority to sell the Estate's Interest in Real Property pursuant to 11 U.S.C. § 363(b).

J.  No further consents or approvals are required by the Trustee to consummate the Sale of the Interest in Real Property.

K.  The entry of this Order is in the best interests of the Debtor, its estate, creditors, and

all other parties-in-interest;

      Accordingly, it is **HEREBY ORDERED, ADJUDGED and DECREED THAT**:

    1.    The Motion is **GRANTED** and the *Stipulation and Settlement Agreement* (the "Stipulation") attached thereto and incorporated herein is **APPROVED**.

    2.    Pursuant to the terms of the Stipulation;

        a)  Figueroa agrees to pay the total sum of fifteen thousand dollars ($15,000.00) (the "Settlement Payment") to the Trustee, in full and final settlement of the Claims. The Settlement Payment shall be made by Figueroa to the Trustee, on behalf of the Estate, in three (3) consecutive monthly installment payments as follows: (a) an initial installment payment of **$5,000.00** (**Five Thousand and 00/100 Dollars**) within five days of the Bankruptcy Court's approval of the Stipulation, by its entry of this Order; (b) second installment payment of **$5,000.00** (**Five Thousand and 00/100 Dollars**) due 30 days from the date of the initial installment; and the third and last installment payment of **$5,000.00** (**Five Thousand and 00/100 Dollars**) due 30 days from the date of the second installment.

        b)  In exchange for the Settlement Payment, and within 30 (thirty) days of receipt of the final payment as set forth above, the Trustee agrees to convey the Estate's Interest in the Property to Figueroa via a trustee's deed (the "Deed") as provided for in the Stipulation.

    3.    The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

4. The sale is not free and clear and is subject to Wells Fargo's Note and Mortgage that was executed on March 22, 2010, and recorded on March 25, 2010 at book 27227, page 3726.

5. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

#     #     #

Submitted by:
Tyler Stull, Esq.
Florida Bar No. 108116
DUNN LAW, P.A.
*Counsel for Marcia T. Dunn, Chapter 7 Trustee*
555 N.E. 15th Street, Suite 934-A
Miami, Florida 33132
Tel: 786-433-3866
Fax: 786-260-0269
tyler.stull@dunnlawpa.com

*Attorney Stull shall serve copies of this Order on all parties of record and file a certificate of service.*